IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ALEXANDER QUINONES. § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 20-750 |
| § | |
| VIKING ENTERPRISES, INC. d/b/a § | |
| CITY AMBULANCE SERVICES, and § | |
| MOHAMAD MASSOUD, § | |
| § | |
| Defendants. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

For his Original Complaint against Defendant Viking Enterprises, Inc. d/b/a City Ambulance Services, and Defendant Mohamad Massoud, Plaintiff Alexander Quinones shows the following:

### Introduction

1.      Plaintiff brings this action under the Fair Labor Standards Act to recover unpaid wages, including unpaid overtime, for all hours worked. Plaintiff has been employed by Defendants as an EMT-I, and throughout his employment, has regularly worked extensive amounts of overtime (*i.e.*, hours over forty each week). Defendants violated the overtime provisions of the Fair Labor Standards Act by, until recently, improperly classifying Plaintiff as an independent contractor and not paying Plaintiff an overtime premium for hours worked over forty each week. Plaintiff now sues for unpaid wages, liquidated damages, and all other relief to which he is entitled.

## Parties

2.  Plaintiff Alexander Quinones is an individual residing in Navasota, Texas, and may be served with papers through the undersigned counsel.

3.  Defendant Viking Enterprises, Inc. d/b/a City Ambulance Services is a corporation organized under the laws of the State of Texas. It may be served with process through its Registered Agent, Mohamad Massoud, at 7007 Wimbledon Estates Dr., Spring, Texas 77379.

4.  Defendant Mohamad Massoud is an individual residing in Houston, Harris County, Texas. He may be served with Process at 7007 Wimbledon Estates Dr., Spring, Texas 77379.

## Jurisdiction and Venue

5.  The Court possesses subject matter jurisdiction over this case because Plaintiff asserts claims under the Fair Labor Standards Act. Accordingly, the Court possesses subject matter jurisdiction under 28 U.S.C. Section 1331. Venue is proper in the Western District of Texas because Plaintiff worked for Defendants within the geographic confines of the San Antonio Division and because Defendants maintains operations within the Western District of Texas and the San Antonio Division. Additionally, some of the FLSA violations complained of in this lawsuit occurred within the geographic boundaries of the San Antonio Division.

## Statement of Facts

6.  Defendant Viking Enterprises operates an ambulance service in various cities across Texas, including but not limited to San Antonio, College Station, Houston, Corpus Christi, and Dripping Springs. At all times relevant to this lawsuit, Viking has been an employer within the meaning of the Fair Labor Standards Act, and has had gross annual sales in excess of $500,000.00. Viking is owned, operated, and managed by Defendant Mohamad Massoud, who

was directly responsible for the illegal pay practices complained of in this lawsuit. As such Defendant Massoud is likewise an employer within the meaning of the FLSA.

7. Defendants hire and employ EMTs (emergency medical technicians) and paramedics to make ambulance calls, and transport and treat patients. Plaintiff Alexander Quinones started working for Defendants in the latter part of November, 2016 as an EMT. He was briefly classified as an employee paid on an hourly basis, but several months later, on or about July 6, 2017, Defendants made Plaintiff an "independent contractor" paid on a day-rate basis. Plaintiff contends that Defendants made this change, just as they did with other workers, to avoid paying overtime. Defendants continued to classify Plaintiff as a contractor paid on a day rate basis through May, 2020. Thereafter, in seeming recognition that Plaintiff had been misclassified for years, Defendants re-classified Plaintiff as a non-exempt employee. Plaintiff continues to work for Defendants to this today.

8. Although Defendants Plaintiff and other employees as contractors, the truth is that Plaintiff should have classified Plaintiff as an employee. The evidence will establish that Defendants controlled the details of the work, provided all facilities, supplies and equipment, and the services provided by Plaintiff were integral to Defendants' business. Moreover, Plaintiff had no opportunity for profit and loss, and his relationship with Defendants has been longstanding, extending for more than 3 years.

9. Plaintiff should have been classified as a non-exempt from the minimum wage and overtime provisions of the FLSA, as no recognized exemption covers his employment. Plaintiff's job duties did not qualify him for any exemption, and in any event, Plaintiff was paid on a "day-rate" basis.

10. Plaintiff worked extensive amounts of overtime each week. Despite this fact, Defendants paid Plaintiff only his "day rate" for the days that he pulled shifts as an EMT, and even then, when Plaintiff did not work the full twenty-four hours of the shift, he was docked. Additionally, when Plaintiff worked additional non-shift work, he received no compensation at all.

11. Although Plaintiff worked extensive amounts of overtime over the last three years, Defendants refused to pay Plaintiff the required overtime premium in violation of the FLSA.

12. At all times relevant to this lawsuit, Defendants have known that their full-time workers should have been classified as employees and that those workers who primarily performed EMT duties should be classified as non-exempt and were/are entitled to an overtime premium for hours worked over forty each week.

### Causes of Action: Violations of FLSA—
### Failure to Pay Plaintiff the Overtime Premium

13. Plaintiff re-alleges and reincorporate paragraphs 1 through 13 supra.

14. Plaintiff was an employee, not an independent contractor, and was non-exempt from the overtime provisions of the FLSA.

15. The FLSA requires that covered employers pay non-exempt employees an overtime premium of one-and-a-half times the regular rate for each and every hour worked over forty each workweek. Plaintiff further pleads that, at all times relevant hereto, Defendants were well aware that of the overtime provisions of the FLSA and that they were required to pay Plaintiff in compliance with the law. Nevertheless, Defendants failed to pay Plaintiff the required overtime premium.

16. Plaintiff alleges that Defendants' violations of the FLSA were willful, and as such, Plaintiff is entitled to invoke the FLSA's three-year statute of limitations.

17. Accordingly, Plaintiff is entitled to recover his overtime premium and an equal amount in liquidated damages. Additionally, because Plaintiff has been compelled to retain legal counsel to bring this action to recover monies due him, Plaintiff is entitled to an award of attorney fees.

### Jury Trial

18. Plaintiff demands a trial by jury.

### Prayer

Plaintiff prays that, upon final judgment, he be awarded the following:

a. All unpaid wages, including unpaid overtime;

b. An equal amount in liquidated damages;

c. Attorney fees and costs;

d. Pre- and post-judgment interest;

e. All other relief to which Plaintiff is entitled.

Respectfully submitted,

/s/ MICHAEL V. GALO, JR.
Michael V. Galo, Jr.
State Bar No. 00790734
GALO LAW FIRM, P.C.
4230 Gardendale, Bldg. 401
San Antonio, Texas 78229
Telephone: 210.616.9800
Facsimile: 210.616.9898
mgalo@galolaw.com
ATTORNEY FOR PLAINTIFF
ALEXANDER QUINONES